OPINION
This is an appeal from a bench trial finding of guilty by the Tuscarawas County Common Pleas Court as to a charge of felonious assault in violation of R.C. § 2903.11(A)(1).
 STATEMENT OF THE FACTS AND THE CASE
The facts indicate that appellant was charged with being in an altercation which occurred at the Eagles Lodge in Uhrichsville, Ohio with an Amos Brown. Appellant and his girlfriend were attending a wedding reception while Mr. Brown and his wife were celebrating a birthday.
Appellant, before the events took place leading to the charge, had been asked to leave the Eagles Lodge by Mr. Brown who was president of the Uhrichsville chapter of such fraternal organization.
ASSIGNMENTS OF ERROR
 I. THERE WAS INSUFFICIENT EVIDENCE TO CONVICT MR. WHITMAN OF FELONIOUS ASSAULT.
 II. THE DEFENDANT SHOULD HAVE BEEN ACQUITTED BASED ON A SELF-DEFENSE ARGUMENT.
 III. THE COURT DEPRIVED THE DEFENDANT OF A FAIR TRIAL UNDER THE FOURTEENTH AMENDMENT WHEN IT EXCLUDED FROM EVIDENCE TESTIMONY OF JEFF LAYMAN CONCERNING THE INJURIES TO AMOS BROWN.
 I.
The First Assignment of Error asserts insufficient evidence to warrant the finding of guilty to the charge of felonious assault.
Revised Code § 2903.11(A)(1) states:
 (A) No person shall knowingly do either of the following:
 (1) Cause serious physical harm to another or to another's unborn;
* * *
Serious physical harm is defined in Revised Code § 2901.01:
* * *
 5) "Serious physical harm to persons" means any of the following:
 (a) Any mental illness or condition of such gravity as would normally require hospitalization or prolonged psychiatric treatment;
 (b) Any physical harm that carries a substantial risk of death;
 (c) Any physical harm that involves some permanent incapacity, whether partial or total, or that involves some temporary, substantial incapacity;
 (d) Any physical harm that involves some permanent disfigurement or that involves some temporary, serious disfigurement;
 (e) Any physical harm that involves acute pain of such duration as to result in substantial suffering or that involves any degree of prolonged or intractable pain.
 (6) "Serious physical harm to property" means any physical harm to property that does either of the following:
 (a) Results in substantial loss to the value of the property or requires a substantial amount of time, effort, or money to repair or replace;
 (b) Temporarily prevents the use or enjoyment of the property or substantially interferes with its use or enjoyment for an extended period of time.
 (7) "Risk" means a significant possibility, as contrasted with a remote possibility, that a certain result may occur or that certain circumstances may exist.
 (8) "Substantial risk" means a strong possibility, as contrasted with a remote or significant possibility, that a certain result may occur or that certain circumstances may exist.
* * *
On review for sufficiency, a reviewing court is to examine the evidence at trial to determine whether such evidence, if believed, would support a conviction. State v. Jenks (1991) 61 Ohio ST.3d 259. The weight to be given evidence and the determination of credibility of witnesses are issues for the trier of the facts, not the reviewing court. State v.Jamison (1990), 49 Ohio St.3d 182, cert. denied, 498 U.S. 881.
The evidence accepted by the trial court was to the effect that on October 7, 2000 appellant struck Amos Brown without warning while Mr. Brown and his wife were leaving the Eagles Lodge. Also that he continued kicking and punching such victim while down. (T. at 42-44, 59).
The injuries to which such victim testified were a broken nose, roof of his mouth cracked in three places and broken teeth. (T. at 47-48). He was also rendered unconscious by the blows. (T. at 79). His cheekbone was cracked. (T. at 81).
Mr. Brown was off work for three months with the exception of eight days in December. (T. at 85).
Since the event he slobbers, has headaches, nose bleeds and lip numbness. (T. at 86-87).
He required three hours in surgery to repair the broken nose. (T. at 47).
While it is correct that the hospital records indicate a September date relative to the nose, it cannot be assumed as inferred in appellant's brief (p. 5), that such records are necessarily without error as the testimony of each state witness supports serious injury having occurred on October 7, 2000.
We therefore disagree with the First Assignment of Error and find that sufficient, competent and credible evidence was presented to the trial court to arrive at the decision of guilt.
 II.
The Second Assignment of Error to the effect that an acquittal was required because of self-defense is without merit.
As stated above, the Browns testified as to a blow without warning rendering him unconscious.
Appellant testified that nothing occurred in the foyer with Mr. Brown. (T. at 216).
In fact, his entire testimony related to events occurring with a Mr. Farrow and others outside of the Eagles Lodge. He offered no testimony that an event with Mr. Brown took place which necessitated self-defense.
Appellant's Second Assignment of Error is denied
 III.
The Third Assignment of Error relates to the exclusion of testimony by Jeff Layman as to whether it was unusual to have two black eyes after being punched once. The trial court excluded such testimony as the witness lacked medical training to render such an opinion. We must agree with the trial court. Not only was such medical training absent from the testimony, the question lacked an appropriate preparatory foundation. It would have been little more than speculation.
In addition, it was based upon the assumption of one punch. Mrs. Brown testified as to multiple punches and kicks to the face while appellant testified that no event with Mr. Brown took place except for the possibility that his flailing swings might have struck Mr. Brown in the parking lot. Of course the blood evidence in the foyer supports the opposite and witnesses placed Mr. Brown back in the Eagles Lodge prior to anything which occurred outside.
Evidence Rule 702 does not support the Third Assignment of Error. Also, even if a response was admissible the denial would have been harmless error as the overwhelming evidence supported the trial court's decision.
The Third Assignment of Error is not well taken.
This cause is affirmed.
By BOGGINS, J., WISE, P.J. and EDWARDS, J. concurs
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Tuscarawas County, Ohio is affirmed. Costs to appellant.